**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 9:26-cv-02500-BHH |
| LUXURY SIMPLIFIED RETREATS PALMETTO BLUFF LLC DBA, LUXURY SIMPLIFIED RETREATS LUXURY SIMPLIFIED RETREATS PALMETTO BLUFF, LLC, LUXURY SIMPLIFIED GROUP, LUXURY SIMPLIFIED, LLC, LUXURY SIMPLIFIED RETREATS, LLC, LUXURY SIMPLIFIED RETREATS – PALMETTO BLUFF, LLC, LUXURY SIMPLIFIED RECREATION, LLC, LUXURY SIMPLIFIED REAL ESTATE, INC., LUXURY SIMPLIFIED CONSTRUCTION, INC. a/k/a SIMPLIFIED CONSTRUCTION, INC. f/k/a LUXURY SIMPLIFIED RENOVATIONS, INC., SIMPLIFIED INTERIORS, LLC, SEBRINA ANNETTE LEIGH-JONES, CHRIS LEIGH-JONES, STAYINPALMETTOBLUFF.COM, LLC, JEFFREY LEE SCHREIDER, AND ROB DALEHITE | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**COMPLAINT FOR DECLARATORY JUDGEMENT**

The Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY ("Atain"), pursuant

to 28 U.S.C. § 2201 and FED. R. CIV. P. 57, files this complaint for declaratory judgment

against defendants, LUXURY SIMPLIFIED RETREATS PALMETTO BLUFF LLC DBA ("Luxury Simplified DBA"), LUXURY SIMPLIFIED RETREATS LUXURY SIMPLIFIED RETREATS PALMETTO BLUFF, LLC ("Luxury Simplified Palmetto Bluff"), LUXURY SIMPLIFIED GROUP, LUXURY SIMPLIFIED, LLC, LUXURY SIMPLIFIED RETREATS, LLC, LUXURY SIMPLIFIED RETREATS – PALMETTO BLUFF, LLC, LUXURY SIMPLIFIED RECREATION, LLC, LUXURY SIMPLIFIED REAL ESTATE, INC., LUXURY SIMPLIFIED CONSTRUCTION, INC. a/k/a SIMPLIFIED CONSTRUCTION, INC. f/k/a LUXURY SIMPLIFIED RENOVATIONS, INC., SIMPLIFIED INTERIORS, LLC, SEBRINA ANNETTE LEIGH-JONES, CHRIS LEIGH-JONES (collectively, the "Luxury Simplified Defendants"), STAYINPALMETTOBLUFF.COM, LLC, JEFFERY LEE SCHREIDER (collectively, the "StayinPalmettoBluff Defendants," and together with the Luxury Simplified Defendants, the "Dalehite Defendants," and together with Luxury Simplified DBA and Luxury Simplified Luxury Simplified, "Luxury"), and ROB DALEHITE ("Dalehite"), and in support states as follows:

## NATURE OF ACTION

1.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201. Atain seeks a judicial declaration in this action that it has no obligation to defend or indemnify Luxury (*i.e.*, Luxury Simplified DBA, Luxury Simplified Palmetto Bluff, and the Dalehite Defendants in the underlying lawsuit filed by Dalehite against the Dalehite Defendants, entitled *Rob Dalehite v. Luxury Simplified Group, et al.*, Case No. 2026-CP-07-01052 (Beaufort County, South Carolina) (the "Dalehite Lawsuit").

- 2 -

2.      Atain seeks a declaratory judgment regarding the absence of insurance coverage for Luxury under the following Commercial General Liability policies: (A) Policy Nos. PRB13954 Atain issued to Luxury Simplified DBA, effective May 20, 2024 through May 20, 2025 (the "24-25 Policy"); and (B) Policy No. ACBS700000446 Atain issued to Luxury Simplified Palmetto Bluff, effective May 20, 2025 to May 20, 2026 (the "25-26 Policy," and collectively with the 24-25 Policy, the "Atain Policies") for the Dalehite Lawsuit. True and correct copies of the Atain Policies are attached herein and incorporated by reference as "**Exhibits 1 and 2**."

3.      Luxury Simplified DBA, Luxury Simplified Palmetto Bluff, and/or the Dalehite Defendants seek insurance coverage under the Atain Policies for the Dalehite Lawsuit.

4.      Therefore, a controversy exists between the parties to this action regarding insurance coverage for the Dalehite Lawsuit under the Atain Policies, and an entry of a declaratory judgment is required to resolve the controversy.

5.      Dalehite is joined in this action solely based on his status as the plaintiff in the Dalehite Lawsuit to be bound by the judgment to be rendered in this action.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this dispute arises between citizens of different states and the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

7.      This Court has authority to grant Atain declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and FED. R. CIV. P. 57.

- 3 -

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the Dalehite Lawsuit and the insurance coverage dispute between the parties to this action concerning the Dalehite Lawsuit occurred in this district. Furthermore, the Dalehite Lawsuit was brought in Beaufort County, South Carolina, and at least one defendant to this action is domiciled in this district.

9.      All conditions precedent to bringing this action have occurred or have been waived.

## THE PARTIES

10.     Atain is a Michigan corporation with its principal place of business in Oakland County, Michigan. Atain is a Michigan surplus lines insurer under South Carolina Code, § 38-45, *et seq.*, and issued the 24-25 Policy to Luxury Simplified DBA and the 25-26 Policy to Luxury Simplified Palmetto Bluff.

11.     Luxury Simplified DBA, the Named Insured on the 24-25 Policy, is a South Carolina limited liability company that is registered under the name "Luxury Simplified Retreats – Palmetto Bluff, LLC," with its principal place of business in Charleston County, South Carolina. Luxury Simplified DBA is not expressly named as a defendant in the Dalehite Lawsuit and is named herein as a defendant by virtue of its status as the Named Insured on the 24-25 Policy, under which Atain seeks declaratory judgment regarding the absence of insurance coverage for Luxury for the Dalehite Lawsuit.

12.     Luxury Simplified Palmetto Bluff, the Named Insured on the 25-26 Policy, is a South Carolina limited liability company that is registered under the name "Luxury

Simplified Retreats – Palmetto Bluff, LLC," with its principal place of business in Charleston County, South Carolina. Luxury Simplified Palmetto Bluff is not expressly named as a defendant in the Dalehite Lawsuit and is named herein as a defendant by virtue of its status as the Named Insured on the 25-26 Policy, under which Atain seeks declaratory judgment regarding the absence of insurance coverage for Luxury for the Dalehite Lawsuit.

13.     Luxury Simplified Group is a general partnership and/or an amalgamation of alter egos that operate as a single entity that transacts business in Beaufort County, South Carolina, with its principal place of business in Charleston County, South Carolina. Upon information and belief, this general partnership and/or amalgamation of alter egos that operate as a single business entity includes Luxury Simplified, LLC, Luxury Simplified Retreats, LLC, Luxury Simplified Retreats – Palmetto Bluff, LLC, Luxury Simplified Recreation, LLC, Luxury Simplified Real Estate, Inc., Luxury Simplified Construction, Inc. a/k/a Simplified Construction, Inc. f/k/a Luxury Simplified Renovations, Inc., Simplified Interiors, LLC, Sebrina Annette Leigh-Jones, Chris Leigh-Jones, and stayinpalmettobluff.com, LLC, all of which are defendants in the Dalehite Lawsuit and in the instant coverage action.

14.     Luxury Simplified, LLC is a South Carolina limited liability company, with its principal place of business in Charleston County, South Carolina. Luxury Simplified, LLC is a general partner and/or an amalgamated alter ego of Luxury Simplified Group. Luxury Simplified, LLC's members are all citizens of South Carolina and none of which

are citizens of Michigan. The Dalehite Lawsuit names Luxury Simplified, LLC as a defendant.

15.    Luxury Simplified Retreats, LLC is a South Carolina limited liability company, with its principal place of business in Charleston County, South Carolina. Luxury Simplified Retreats, LLC is a general partner and/or an amalgamated alter ego of Luxury Simplified Group. Luxury Simplified Retreats, LLC's members are all citizens of South Carolina and none are citizens of Michigan. The Dalehite Lawsuit names Luxury Simplified Retreats, LLC as a defendant.

16.    Luxury Simplified Retreats – Palmetto Bluff, LLC is a South Carolina limited liability company, with its principal place of business in Charleston County, South Carolina. Luxury Simplified Retreats – Palmetto Bluff, LLC is a general partner and/or an amalgamated alter ego of Luxury Simplified Group. Luxury Simplified Retreats – Palmetto Bluff, LLC's members are citizens of South Carolina and none are citizens of Michigan. The Dalehite Lawsuit names Luxury Simplified Retreats – Palmetto Bluff, LLC as a defendant.

17.    Luxury Simplified Recreation, LLC is a South Carolina limited liability company, with its principal place of business in Charleston County, South Carolina. Luxury Simplified Recreation, LLC is a general partner and/or an amalgamated alter ego of Luxury Simplified Group. Luxury Simplified Recreation, LLC's members are citizens of South Carolina and none are citizens of Michigan. The Dalehite Lawsuit names Luxury Simplified Recreation, LLC as a defendant.

18.     Luxury Simplified Real Estate Inc. is a South Carolina corporation, with its principal place of business in Charleston County, South Carolina. Luxury Simplified Real Estate Inc. is a general partner and/or an amalgamated alter ego of Luxury Simplified Group. The Dalehite Lawsuit names Luxury Simplified Real Estate Inc. as a defendant.

19.     Luxury Simplified Construction, Inc. a/k/a Simplified Construction, Inc. f/k/a Luxury Simplified Renovations, Inc. is a South Carolina corporation, with its principal place of business in Bluffton County, South Carolina. Luxury Simplified Construction, Inc. a/k/a Simplified Construction, Inc. f/k/a Luxury Simplified Renovations, Inc. is a general partner and/or an amalgamated alter ego of Luxury Simplified Group. The Dalehite Lawsuit names Luxury Simplified Construction, Inc. a/k/a Simplified Construction, Inc. f/k/a Luxury Simplified Renovations, Inc. as a defendant.

20.     Simplified Interiors, LLC is a South Carolina limited liability company, with its principal place of business in Charleston County, South Carolina. Simplified Interiors, LLC is a general partner and/or an amalgamated alter ego of Luxury Simplified Group. Simplified Interiors, LLC's members are citizens of South Carolina and none are citizens of Michigan. The Dalehite Lawsuit names Simplified Interiors, LLC as a defendant.

21.     Sebrina Annette Leigh-Jones is a South Carolina citizen who is the founder, owner, officer, employee, agent, general partner, and legal representative of Luxury Simplified Group and the entities that are general partners and/or amalgamated alter egos of Luxury Simplified Group. The Dalehite Lawsuit names Sebrina Annette Leigh-Jones as a defendant.

22. Chris Leigh-Jones is a South Carolina citizen who is the founder, owner, officer, employee, agent, general partner, and legal representative of Luxury Simplified Group and the entities that are general partners and/or amalgamated alter egos of Luxury Simplified Group. The Dalehite Lawsuit names Chris Leigh-Jones as a defendant.

23. stayinpalmettobluff.com, LLC is a South Carolina limited liability company, with its principal place of business in Bluffton, South Carolina. stayinpalmettobluff.com, LLC is a general partner and/or an amalgamated alter ego of Luxury Simplified Group. stayinpalmettobluff.com, LLC's members are citizens of South Carolina and are not citizens of Michigan. The Dalehite Lawsuit names stayinpalmettobluff.com, LLC as a defendant.

24. Jeffrey Lee Schreider is a South Carolina citizen who is the founder, owner, officer, employee, agent, general partner, and legal representative of stayinpalmettobluff.com, LLC. The Dalehite Lawsuit names Jeffrey Lee Schreider as a defendant.

25. Upon information and belief, Dalehite is a South Carolina citizen. Dalehite filed the Dalehite Lawsuit against the Luxury Simplified Defendants.

<u>**THE DALEHITE LAWSUIT**</u>

26. The Dalehite Lawsuit arises from a business dispute between Dalehite and the Dalehite Defendants (*i.e.*, the StayinPalmettoBluff Defendants and the Luxury Simplified Defendants). In essence, Dalehite alleges that the Dalehite Defendants violated multiple statutes concerning the provision of property management services by, *inter alia*, charging him unnecessary fees and usurping his business.

27.     On April 22, 2026, Dalehite filed a complaint against the Dalehite Defendants (referenced above as the "Dalehite Lawsuit") in connection with the parties' business dispute. A copy of the current operative complaint of the Dalehite Lawsuit is attached hereto as "**Exhibit 3**."

28.     Dalehite alleges that he is the owner of a single-family home located at 10 Westerwald Street South in the Palmetto Bluff resort community in Bluffton, South Carolina (the "Home"). Ex. 3, ¶ 15.

29.     According to Dalehite, he regularly rents the Home because of its significant income earning potential. To do so, Dalehite uses property managers to market the Home for potential renters, act as his agent by entering into contracts with those renters on his behalf, and manage the Home pursuant to those rental agreements in his absence. Ex. 3, ¶¶ 18-19.

30.     Dalehite alleges that he had an oral agreement with the StayinPalmettoBluff Defendants (*i.e.*, stayinpalmettobluff.com, LLC and Jeffery Lee Schreider) to manage the Home. In performing these services, the StayinPalmettoBluff Defendants collected "personal and commercial information" about, among other things, Dalehite's family, the Home, Dalehite's family's use of the property, Dalehite's rental rates, the identities of renters, and Dalehite's rental agreements to market the Home on online reservations systems such as Airbnb. In exchange for such services, the StayinPalmettoBluff Defendants kept a percentage of the revenue generated by the rental agreements. The StayinPalmettoBluff Defendants also charged Dalehite reasonable fees for their property management services. Ex. 3, ¶¶ 21-23.

31.    Dalehite alleges that at some point, and without prior notice, the Luxury Simplified Defendants took over the management of the Home from the StayinPalmettoBluff Defendants. Ex. 3, ¶ 27.

32.    Dalehite alleges that he never agreed that the Luxury Simplified Defendants could have "access to the confidential personal and commercial information" about his family, the Home, his rental agreements, and/or other offering available to renters of his Home possessed by the StayinPalmettoBluff Defendants or that the Luxury Simplified Defendants could collect and/or use any such information. Ex. 3, ¶ 30.

33.    According to Dalehite, he never entered into a written agreement with the Luxury Simplified Defendants for the provision of property management services. Ex. 3, ¶ 32.

34.    Dalehite alleges that the Luxury Simplified Defendants made representations and promises about their professionalism, marketing capabilities, employment of dynamic pricing, and increased revenue from more professional management. However, the Luxury Simplified Defendants failed to deliver on their promises and, instead, began implementing new fees, expensive programs, and consolidating sources of revenue previously enjoyed by Dalehite under the Luxury Simplified Defendants' control solely for their financial benefits at a significant cost to Dalehite. Ex. 3, ¶¶ 33-35.

35.    For example, according to Dalehite, on or about April 4, 2024, he was informed that the Luxury Simplified Defendants would remove linens from the Home to

be professionally cleaned at an outside facility owned by the Luxury Simplified Defendants for a fee. Ex. 3, ¶ 36.

36.     According to Dalehite, the Luxury Simplified Defendants also used the collected personal and commercial information for their commercial advantage. For example, they learned that the rental of Dalehite's golf cart generated significant additional revenue for Dalehite and brought that service "in-house." Ex. 3, ¶¶ 41-42.

37.     Dalehite alleges that on February 12, 2025, he informed the Luxury Simplified Defendants that he wished to terminate his business arrangement "effective immediately." In response, the Luxury Simplified Defendants transferred all existing bookings to other homes within their portfolio, usurping Dalehite's business for their own benefit. Ex. 3, ¶¶ 44-46.

38.     Dalehite alleges that on February 20, 2025, he demanded a full accounting of any funds received by the Luxury Simplified Defendants arising from any rental agreements entered with renters on his behalf. Dalehite also demanded a copy of any agreement that gave the Luxury Simplified Defendants the right to usurp his existing rental agreements and move them to other properties managed, controlled, and/or owned by the Luxury Simplified Defendants. Ex. 3, ¶¶ 48-49.

39.     Dalehite alleges that on or about July 3, 2025, the Luxury Simplified Defendants intentionally misrepresented the number of rental reservations that they had usurped from Dalehite in an affidavit from Sebrina Leigh-Jones. Ex. 3, ¶ 64.

40.     According to Dalehite, the Dalehite Defendants (*i.e.,* the StayinPalmettoBluff Defendants and the Luxury Simplified Defendants) have refused to

provide him with the following: (1) a copy of the alleged property management agreement that the Dalehite Defendants claim exists; (2) an accounting and reconciliation of funds received and expanded by the Dalehite Defendants from any agreement to rent the Home; (3) copies of all leases with renters for the Home; and (4) all confidential personal and commercial information possessed by the Dalehite Defendants. Ex. 3, ¶ 67.

41.     Dalehite asserts twelve causes of action against the Dalehite Defendants. In Count I for Negligence/Gross Negligence/Negligence Per Se, Dalehite alleges that the Dalehite Defendants owed duties to Dalehite to use due care in the provision of property management services for the Home by conforming to the generally recognized and accepted practices for property management services, including by adhering to South Carolina's statutory requirements, common law, and administrative regulations governing property management services. However, the Dalehite Defendants breached those duties by, *inter alia*, (A) advertising, marketing, and offering property management services without a written property management agreement; (B) failing within a reasonable time to account for or to remit trust funds which belonged to others; (C) refusing to provide a full accounting of funds to a property owner; (D) engaging in a practice or taking an action inconsistent with an agency relationship; and (E) making substantial misrepresentations to a property owner. As a result, Dalehite has allegedly suffered significant injuries, including loss of rental revenue, lost profits, loss of property, and lost time, as well as paid exorbitant management commissions and fees. Ex. 3, ¶¶ 70-73.

42.     In Counts II and III for Breach of Fiduciary Duty and for Aiding and Abetting Breach of Fiduciary Duty, respectively, Dalehite alleges that the Dalehite Defendants violated their fiduciary duties owed to Dalehite by, among other ways, engaging in self-dealing and treating the Home like an asset within their portfolio for their benefit. Ex. 3, ¶¶ 77-80, 84.

43.     In Counts IV and V for Tortious Interference with Existing Contractual Relations and for Tortious Interference with Prospective Contractual Relations, respectively, Dalehite alleges that Dalehite Defendants intentionally and illegally converted rental agreements and reservations to other properties managed by the Dalehite Defendants once Dalehite terminated the business relationship. Ex. 3, ¶¶ 90, 97-98.

44.     In Count VI for Unjust Enrichment/Restitution/Quantum Meruit, Dalehite alleges that he paid the Dalehite Defendants for services that were not performed and were unjustly enriched in the process. Ex. 3, ¶ 103.

45.     In Count VII for Conversion, Dalehite alleges that the Dalehite Defendants intentionally exercised an ownership interest over Dalehite's personal property, including his contracts with renters and tangible personal property within the Home (*e.g.*, linens and towels), without permission. Ex. 3, ¶¶ 107-08.

46.     In Counts VIII and IX for Negligent Misrepresentation and for Fraud/Fraudulent Misrepresentation, respectively, Dalehite alleges that the Dalehite Defendants made misrepresentations to Dalehite with respect to, among other things, the existence of a written property management agreement. Ex. 3, ¶¶ 112, 121.

47.     In Count X for Violation of the South Carolina Unfair Trade Practices Act, Dalehite alleges that the Dalehite Defendants willfully and knowingly violated the statute by engaging in unfair and deceptive acts or practices by engaging in the same course of misconduct that underlies Count I. Ex. 3, ¶¶ 132-135.

48.     In Count XI for Piercing the Corporate Veil/Alter-Ego/Amalgamation/Single Business Enterprise, Dalehite seeks to pursue damages against the Dalehite Defendants for engaging in the acts described in the Dalehite Lawsuit as operating a single entity/business enterprise. Ex. 3, ¶ 149.

49.     In Count XII for Pre-Judgment Interest, Dalehite seeks pre-judgment interest.  Ex. 3, ¶ 153.

50.     Dalehite seeks actual, consequential, special, noneconomic, equitable, treble, and punitive damages, pre-judgment interest, and attorney's fees and costs. Ex. 3, Prayer for Relief.

## THE COVERAGE DISPUTE

51.     By letter dated May 15, 2026, Atain denied insurance coverage for Luxury for the Dalehite Lawsuit under the Atain Policies. A copy of the May 15, 2026 letter is attached hereto as "**Exhibit 4**."

52.     On May 16, 2026, Sebrina Annette-Leigh Jones responded to Atain's May 15, 2026 letter, on behalf of Luxury, and disputed Atain's coverage disclaimer. The May 16, 2026 communication included an executed Letter of Understanding between Dalehite, identified as "Owner," and "StayinPalmettoBluff.com," identified as "Property Manager," dated May 1, 2022 regarding the provision of property management services

at the Home (the "Agreement"). According to Sebrina Annette-Leigh Jones, "StayinPalmettoBluff.com merged into Luxury Simplified Retreats in January 2024. By operation of law, the surviving entity succeeded to StayinPalmettoBluff.com's contracts, including this [Agreement]." A copy of the May 16, 2026 communication and the exhibits thereto is attached hereto as "**Exhibit 5**."

53.     On May 19, 2026, Atain requested that Sebrina Annette-Leigh Jones provide a copy of corporate and merger documentation confirming the relationship between the parties to aid its coverage investigation. However, the requested documents have not been provided to Atain. A copy of the May 19, 2026 communication is attached hereto as "**Exhibit 6**."

54.     By letter dated May 22, 2026, Atain reiterated its coverage disclaimer for Luxury for the Dalehite Lawsuit under the Atain Policies. A copy of the May 22, 2026 letter is attached hereto as "**Exhibit 7**."

55.     The Luxury continues to challenge Atain's coverage disclaimer. *See* May 27, 2026 letter from Luxury to Atain, attached hereto as "**Exhibit 8**."

## THE ATAIN POLICIES

56.     Atain issued Policy No. PRB13954 effective May 20, 2024 to May 20, 2025 to "Luxury Simplified Retreats Palmetto Bluff LLC DBA" as the sole Named Insured (referred to above as the "24-25 Policy"). *See generally* Ex. 1. The Named Insured is identified as an limited liability company on the 24-25 Policy. Ex. 1, Supp. Declarations.

57.     Atain issued Policy No. ACBS700000446 effective May 20, 2025 to May 20, 2026 to "Luxury Simplified Retreats" as the sole Named Insured (referred to above as the

"25-26 Policy"). *See generally* Ex. 2. By endorsement, the Named Insured is changed to "Luxury Simplified Retreats Luxury Simplified Retreats Palmetto Bluff, LLC." Ex. 2, End. No. 2. The Named Insured is identified as a "Corporation" on the 25-26 Policy. Ex. 2, Supp. Declarations.

58.     Each of the policies provides a limit of liability of $1,000,000 per occurrence, $1,000,000 for personal and advertising injury, and a general aggregate limit of $2,000,000, subject to a $1,000 per claim deductible. The Named Insured's Business Description is listed as "Property Management Company." The Atain Policies' Classification Description lists, in relevant part, "Real Estate Agents" and "Real Estate Property Managed." Ex. 1-2, Declarations & Supp. Declarations.

59.     The principal insuring agreement on the Atain Policies is Form No. CG 00 01 04 13, which provides, in pertinent part, as follows:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.     Insuring Agreement**
>
> **a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. …
>
> **b.**     This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2)     The "bodily injury" or "property damage" occurs during the policy period…

**2.     Exclusions**

This insurance does not apply to:

**a.     Expected Or Intended Injury[1]**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

## COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY

**1.     Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. …

**b.**     This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

**2.     Exclusions**

This insurance does not apply to:

**a.     Knowing Violation Of Rights Of Another**

---

[1] As amended by the Combined Coverage Exclusion Endorsement in the Atain Policies.

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b.    Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

**c.    Material Published Prior To The Policy Period**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material, whose first publication took place before the beginning of the policy period. …

**g.    Quality Or Performance Of Goods – Failure To Conform To Statements**

"Personal and advertising injury" arising out the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement". …

**i.    Infringement Of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. Under this exclusion, such other intellectual property rights do not include the use of another's advertising idea in your "advertisement". …

## SECTION II – WHO IS AN INSURED

**1.**    If you are designated in the Declarations as …

    **c.**  A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. …

**2.** Each of the following is also an insured:

**a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. …

**3.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

**a.** Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier;

**b.** Coverage **A** does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

**c.** Coverage **B** does not apply to "person and advertising injury" arising out of an offense committed before you acquired or formed the organization …

**SECTION V – DEFINITIONS** …

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. …

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful

conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a.    False arrest, detention or imprisonment;
    b.    Malicious prosecution;
    c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
    d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
    e.    Oral or written publication, in any manner, of material that violates a person's right of privacy;
    f.    The use of another's advertising idea in your "advertisement", or
    g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement". …

17. "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment. …

(Ex. 1-2, Form No. CG 00 01 04 13).

60.     The Atain Policies' Form No. AF-3380 (06/17), entitled "Fraud and

Misrepresentation Endorsement," provides as follows:

> This policy was issued based on the information supplied on an application and other correspondence, including your claims or loss history. This information is attached to and considered to be part of this policy.
>
> You should review this information carefully because the truth of this information was of paramount importance in influencing our decision to issue this policy.
>
> You, for all the insureds under this policy, do warrant the truth of such information to the best of your and their knowledge at the inception date of this policy.
>
> If such information is false or misleading, it may cause denial of coverage or voiding of the policy. In any such instance, there shall be no duty to defend or indemnify any insured. …

(Ex. 1-2, Form No. AF-3380 (06/17)).

61.     The Atain Policies include Form No. AF 000 873 07/2012, titled "Known

Injury Damage Exclusion Personal and Advertising Injury," which provides as follows:

> The following exclusion is added to Paragraph **2. Exclusions** of **SECTION I - COVERAGES COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY:**
>
> **Known Injury Or Damage**
>
> This insurance does not apply to "personal and advertising injury" arising from an offense:
>
> a.     That occurs during the policy period and, prior to the policy period, an insured listed under Paragraph **1.** of **SECTION II - WHO IS AN INSURED** or an "employee" authorized by you to give or receive notice of an offense or claim, knew that the "personal and advertising injury" had occurred prior to the policy period, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "personal and advertising injury" occurred, then any continuation, change or resumption of such offense during or

after the policy period will be deemed to have been known prior to the policy period; or

b.      That occurs during the policy period and was, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of **SECTION II - WHO IS AN INSURED** or an "employee" authorized by you to give or receive notice of an offense or claim, includes any continuation, change or resumption of that "personal and advertising injury" after the end of the policy period.

A personal and advertising injury" arising from an offense will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of **SECTION II - WHO IS AN INSURED** or an "employee" authorized by you to give or receive notice of an offense or claim:

(1)      Reports all, or any part, of the "personal and advertising injury" to us or any other insurer;

(2)      Receives a written or verbal demand or claim for damages because of the "personal and advertising injury"; or

(3)      Becomes aware by another means that "personal and advertising injury" has occurred or has begun to occur.

(Ex. 1-2, Form No. AF 000 873 07/2012).

62.      The Atain Policies also include Form No. AF001007 (01-24), titled "Combined Coverage and Exclusion Endorsement," which provides, in pertinent part:

**VI.     PROFESSIONAL SERVICES EXCLUSION** …

This insurance does not apply and there shall be no duty to defend or indemnify any insured for any "occurrence", "suit", liability, demand or cause of action arising, in whole or part, out of any claim involving the rendering or failure to render any "professional service." …

"Professional Service" includes, but is not limited to, any of the following: (1) accountant; (2) architect; (3) engineer; (4) insurance agent or broker; (5) lawyer; (6) any medical professional; (7) real

- 22 -

estate agent or broker; (8) surveyor; (9) health inspector; (10) safety inspector; (1) any service where an insured is retained or asked to render an opinion, written or verbal, to a third-party; or (12) any other service that is of a professional nature, regardless of whether a license or certification is required. …

**XII.     AMENDMENT OF OTHER INSURANCE ENDORSEMENT**

It is agreed that Section IV- Commercial General Liability Conditions, Paragraph 4. Is replaced in its entirety with the following:

This insurance is excess over any other insurance whether primary, excess, contingent or on any other basis that is available to any insured. You are required to give notice of claim to all "potential insurers" within thirty days of giving notice of claim to us.

We have no duty under Coverage A or B to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so, but we will be entitled to your rights against all those other insurers.

We will pay only our share of the amount of loss, if any, that exceeds the sum of:
The total amount that all such other insurance would pay for the loss in absence of this insurance; and the total of all deductible and self-insurance amounts under all such insurance.

"Potential Insurers" means all insurance companies who may be obligated to defend any insured as either a named insured or an additional insured. …

(Ex. 1-2, Form No. Form No. AF001007 (01-24)).

63.     The Atain Policies also include Form No. AF001396 (07-22), titled "Infringement, Misappropriation and Unfair Competition Exclusion," which provides, in pertinent part, as follows:

It is hereby agreed that this policy shall not apply to any "claim," "suit," or liability, arising, in whole or in part, out of:

- 23 -

A.  Any infringement upon or dilution of copyright, trademark, patent, title, slogan, service mark, service name or trade dress, whether or not pertaining to or alleged in conjunction with any "advertisement";

B.  Any invasion or infringement of or interference with the right of privacy or publicity including, but not limited to, intrusion, public disclosure of private facts, unwarranted or wrongful publicity, false light or the unauthorized use of any name, image, or likeness for profit, or in any "advertisement", including but not limited to any claim or "suit" for defamation, misappropriation of advertising ideas or any other ideas, or any similar claim or "suit" arising out of any statute, rule, regulation, common law or in equity;

C.  Plagiarism or misappropriation of information, trade secrets, advertising ideas or any other ideas, or style of doing business;

D.  "Unfair competition" as defined by statute or common law, whether or not pertaining to or alleged in conjunction with a claim of plagiarism, misappropriation of any information, trade secrets, style of doing business, advertising ideas or any other ideas, piracy, any "advertisement," infringement or dilution of copyright, title, slogan, trademark, trade name, trade dress, service mark, or service name. …

(Ex. 1-2, Form No. AF001396 (07-22)).

64.  The Atain Policies also include Form No. AF001778 (02/18), titled "Limitation of Coverage – Specified Real Estate Operations," which provides, in pertinent part:

With respect to real estate operations or real estate activity, this insurance solely applies to the following:

**LIMITATION OF COVERAGE - SPECIFIED REAL ESTATE OPERATIONS**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

With respect to real estate operations or real estate activity, this insurance solely applies to the following:

1. "Bodily injury", "property damage" or "personal and advertising injury" arising out of premises you use for general office purposes; and

2. Premises listed or shown for sale or rent by you, but only if:

   A. You do not own, operate, manage or rent any part of the premises;
   B. The premises are not in your care, custody or control; and
   C. You do not act as agent for the collection of rents or in any Supervisory Capacity.

However, the limitations in this paragraph do not apply to property management operations performed by you when the following conditions have both been met: (1) you act as a property manager pursuant to a signed written contract; and (2) you do not have any ownership interest in any part of the premises.

There shall be no duty to defend or indemnify any insured for any "occurrence", "suit", liability, claim, demand or cause of action arising out of the ownership, operation, maintenance or use of real estate or any real estate activity other than what is listed above. …

(Ex. 1-2, Form No. AF001778 (02/18)).

65. The Atain Policies include Form No. CG 21 07 05 14, titled "Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability – Limited Bodily Injury Exception not Included," which provides, as relevant part, as follows:

**B.** The following is added to Paragraph **2. Exclusions of Section I Coverage B — Personal And Advertising Injury Liability:**

**2.    Exclusions**

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information,

including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information. …

(Ex. 1-2, Form No. CG 21 07 05 14).

## COUNT I – DECLARATORY JUDGMENT
## LUXURY SIMPLIFIED GROUP, LUXURY SIMPLIFIED, LLC, LUXURY SIMPLIFIED RETREATS, LLC, LUXURY SIMPLIFIED RECREATION, LLC, LUXURY SIMPLIFIED REAL ESTATE, INC., LUXURY SIMPLIFIED CONSTRUCTION, INC. A/K/A SIMPLIFIED CONSTRUCTION, INC. F/K/A LUXURY SIMPLIFIED RENOVATIONS, INC., LUXURY INTERIORS, LLC, STAYINPALMETTOBLUFF.COM, LLC, AND JEFFREY LEE SCHREIDER ARE NOT INSUREDS ON THE 24-25 POLICY

66.     Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 65 of the general allegations of this Complaint for Declaratory Judgment as paragraph 66 of Count I.

67.     SECTION II — WHO IS AN INSURED of the 24-25 Policy provides that if "you" (*i.e.*, the Named Insured on the 24-25 Policy) are designated in the Declarations as a limited liability company, "you (*i.e.* the Named Insured on the 24-25 Policy) are an insured. The Declarations Page of the 24-25 Policy identifies the Named Insured as a limited liability company.

68.     SECTION II.1.c. of the 24-25 Policy also provides that the "members" and "managers" of the Named Insured are also insureds.

69.     SECTION II.2.a. of the 24-25 Policy also provides that the "employees" of the Named Insured are also insureds, but only for their conduct in the course and scope of their employment or in furtherance of the named insured's business.

70.     SECTION II.3 of the 24-25 Policy also provides that any organization that you (*i.e.*, the Named Insured on the 24-25 Policy) acquire or form, other than a limited liability company, and over which "you" (*i.e.*, the Named Insured on the 24-25 Policy) maintain ownership or majority interest will qualify as a Named Insured under certain circumstances.

71.     The Dalehite Lawsuit names "Luxury Simplified Retreats – Palmetto Bluff, LLC" as a defendant, which is the Named Insured on the 24-25 Policy.

72.     Defendants Sebrina Annette Leigh-Jones and Chris Leigh-Jones qualify as "managers" of "Luxury Simplified Retreats – Palmetto Bluff, LLC" and, therefore, are also insureds on the 24-25 Policy.

73.     The remaining party defendants (*i.e.*, Luxury Simplified Group, Luxury Simplified, LLC, Luxury Simplified Retreats, LLC, Luxury Simplified Recreation, LLC, Luxury Simplified Real Estate, Inc., Luxury Simplified Construction, Inc. a/k/a Simplified Construction, Inc. f/k/a Luxury Simplified Renovations, Inc., Luxury Interiors, LLC, stayinpalmettobluff.com, LLC, and Jeffrey Lee Schreider) do not qualify as insureds.

73.     Therefore, there is no coverage for  Luxury Simplified Group, Luxury Simplified, LLC, Luxury Simplified Retreats, LLC, Luxury Simplified Recreation, LLC, Luxury Simplified Real Estate, Inc., Luxury Simplified Construction, Inc. a/k/a

- 27 -

Simplified Construction, Inc. f/k/a Luxury Simplified Renovations, Inc., Luxury Interiors, LLC, stayinpalmettobluff.com, LLC, and Jeffrey Lee Schreider for the Dalehite Lawsuit under the 24-25 Policy.

**COUNT II – DECLARATORY JUDGMENT**
**LUXURY SIMPLIFIED GROUP, LUXURY SIMPLIFIED, LLC, LUXURY SIMPLIFIED RETREATS, LLC, LUXURY SIMPLIFIED RECREATION, LLC, LUXURY SIMPLIFIED REAL ESTATE, INC., LUXURY SIMPLIFIED CONSTRUCTION, INC. A/K/A SIMPLIFIED CONSTRUCTION, INC. F/K/A LUXURY SIMPLIFIED RENOVATIONS, INC., LUXURY INTERIORS, LLC, STAYINPALMETTOBLUFF.COM, LLC, AND JEFFREY LEE SCHREIDER ARE NOT INSUREDS ON THE 25-26 POLICY**

74.     Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 65 of the general allegations of this Complaint for Declaratory Judgment as paragraph 74 of Count II.

75.     SECTION II — WHO IS AN INSURED of the 25-26-25 Policy provides that if "you" (*i.e.*, the Named Insured on the 25-26 Policy) are designated in the Declarations as an organization other than a partnership, joint venture, or limited liability company, "you" (*i.e.*, the Named Insured on the 25-26 Policy) are an insured. Moreover, "executive officers" and directors of the Named Insured are insureds. The Declarations Page of the 25-26 Policy identifies the Named Insured as a Corporation.

76.     SECTION II.2.a. of the 25-26 Policy also provides that the "employees" of the Named Insured are also insureds, but only with respect to their conduct in the course and scope of their employment or in furtherance of the named insured's business.

77.     SECTION II.3 of the 25-26 Policy also provides that any organization that you (*i.e.*, the Named Insured on the 25-26 Policy) acquire or form, other than a limited

liability company, and over which "you" (*i.e.*, the Named Insured on the 24-25 Policy) maintain ownership or majority interest will qualify as a Named Insured under certain circumstances.

78.     The Dalehite Lawsuit names "Luxury Simplified Retreats – Palmetto Bluff, LLC" as a defendant, which is the Named Insured on the 25-26 Policy.

79.     Defendants Sebrina Annette Leigh-Jones and Chris Leigh-Jones qualify as "executive officers" and directors of the Named Insured and, therefore, are also insureds on the 25-26 Policy.

80.     The remaining party defendants (*i.e.*, Luxury Simplified Group, Luxury Simplified, LLC, Luxury Simplified Retreats, LLC, Luxury Simplified Recreation, LLC, Luxury Simplified Real Estate, Inc., Luxury Simplified Construction, Inc. a/k/a Simplified Construction, Inc. f/k/a Luxury Simplified Renovations, Inc., Luxury Interiors, LLC, stayinpalmettobluff.com, LLC, and Jeffrey Lee Schreider) do not qualify as insureds.

81.     Therefore, there is no coverage for  Luxury Simplified Group, Luxury Simplified, LLC, Luxury Simplified Retreats, LLC, Luxury Simplified Recreation, LLC, Luxury Simplified Real Estate, Inc., Luxury Simplified Construction, Inc. a/k/a Simplified Construction, Inc. f/k/a Luxury Simplified Renovations, Inc., Luxury Interiors, LLC, stayinpalmettobluff.com, LLC, and Jeffrey Lee Schreider for the Dalehite Lawsuit under the 25-26 Policy.

## COUNT III – DECLARATORY JUDGMENT AS TO LUXURY COVERAGE A OF THE ATAIN POLICIES IS NOT TRIGGERED BY THE DALEHITE LAWSUIT

82. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 65 of the general allegations of this Complaint for Declaratory Judgment as paragraph 82 of Count III.

83. Coverage A requires "bodily injury" or "property damage" caused by an "occurrence."

84. Dalehite does not allege that he suffered any "bodily injury."

85. Dalehite alleges that the Dalehite Defendants removed linens from the Home and usurped his business by transferring existing reservations to the Dalehite Defendants' own portfolio.

86. "Property damage" is defined, in relevant part, to include "physical injury to tangible property" and "loss of use of tangible property."

87. Removing linens from the Home to clean them at an outside facility does not constitute "physical injury to tangible property."

88. Removing linens from the Home to clean them at an outside facility does not constitute "loss of use of tangible property."

89. Loss of business does not constitute "physical injury to tangible property."

90. Loss of business is not "tangible property" and, therefore, cannot constitute "loss of use of tangible property."

91. Dalehite alleges that the Dalehite Defendants intentionally removed the linens from the Home and intentionally usurped his business and, therefore, the Dalehie

- 30 -

Lawsuit does not allege an "occurrence," which is defined, in relevant part, as "an accident."

92.     Accordingly, the Dalehite Lawsuit does not trigger Coverage A of the Atain Policies.

## COUNT IV – DECLARATORY JUDGMENT AS TO LUXURY
## THE EXPECTED OR INTENDED INJURY EXCLUSION OF THE ATAIN POLICIES BARS COVERAGE FOR THE DALEHITE LAWSUIT UNDER COVERAGE A

93.     Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 65 of the general allegations of this Complaint for Declaratory Judgment as paragraph 93 of Count IV.

94.     Dalehite alleges that the Dalehite Defendants intentionally removed linens from the Home and intentionally usurped his business.

95.     The Expected or Intended Injury Exclusion bars coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured.

96.     Accordingly, to the extent that the Dalehite Lawsuit alleges "bodily injury" or "property damage," there is no coverage for the "bodily injury" or the "property damage" under the Expected or Intended Injury Exclusion because the Dalehite Defendants expected or intended to cause the "bodily injury" or the "property damage"

## COUNT V – DECLARATORY JUDGMENT AS TO LUXURY
## COVERAGE B OF THE ATAIN POLICIES IS NOT TRIGGERED BY THE DALEHITE LAWSUIT

97.     Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 65 of the general allegations of this Complaint for Declaratory Judgment as if fully alleged in paragraph 97 of Count V.

- 31 -

98. Coverage B requires a "personal and advertising injury" caused by an offense arising out of the insured's business but only if the offense was committed during the policy period.

99. Dalehite does not allege false arrest, detention or imprisonment and, therefore, definition a. of the term "personal and advertising injury" is not satisfied.

100. Dalehite does not allege malicious prosecution and, therefore, definition b. of the term "personal and advertising injury" is not satisfied.

101. Dalehite does not allege that the Dalehite Defendants wrongfully entered into the Home or invaded Plaintiff's right of privacy by physically entering the Home and, therefore, definition c. of the term "personal and advertising injury" is not satisfied.

102. Dalehite does not allege that the Dalehite Defendants made any oral or written publications of material that slandered or disparaged him and, therefore, definition d. of the term "personal and advertising injury" is not satisfied.

103. Dalehite does not allege that the Dalehite Defendants made any oral or written publications that violated his right of privacy and, therefore, definition e. of the term "personal and advertising injury" is not satisfied.

104. Dalehite does not allege that the Dalehite Defendants used his advertising idea in an "advertisement" and, therefore, definition f. of the term "personal and advertising injury" is not satisfied.

105. Dalehite does not allege that the Dalehite Defendants infringed upon his copyright, trade dress, or slogan in an "advertisement" and, therefore, definition g. of the term "personal and advertising injury" is not satisfied.

106. Accordingly, the Dalehite Lawsuit does not trigger Coverage B of the Atain Policies.

## COUNT VI – DECLARATORY JUDGMENT AS TO LUXURY
## THE KNOWING VIOLATION OF RIGHTS OF ANOTHER EXCLUSION BARS
## COVERAGE FOR THE DALEHITE LAWSUIT UNDER THE ATAIN POLICIES

107. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 65 of the general allegations of this Complaint for Declaratory Judgment as if fully alleged in paragraph 107 of Count VI.

108. The Knowing Violation of Rights of Another Exclusion (Coverage B, Exclusion a.) bars coverage for "personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

109. Dalehite alleges that Dalehite Defendants engaged in intentional conduct to siphon his existing business. Thus, to the extent that the Dalehite Lawsuit alleges a "personal and advertising injury," there is no coverage for the Dalehite Lawsuit under Exclusion a. of Coverage B.

## COUNT VII – DECLARATORY JUDGMENT AS TO LUXURY
## THE MATERIAL PUBLISHED WITH KNOWLEDGE OF FALSITY EXCLUSION
## BARS COVERAGE FOR THE DALEHITE LAWSUIT UNDER THE ATAIN
## POLICIES

110. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 65 of the general allegations of this Complaint for Declaratory Judgment as if fully alleged in paragraph 110 of Count VII.

111. The Material Published With Knowledge Of Falsity Exclusion (Coverage B, Exclusion b.) bars coverage for a "personal and advertising injury" arising out of oral or

written publication, in any manner, of material, if done by or at the direction of the insured with knowledge of its falsity.

112. Dalehite alleges that the Dalehite Defendants made intentional misrepresentations in their communications with him as part of an overarching plan to usurp Dalehite's customers. Accordingly, if Dalehite alleges a "personal and advertising injury," there is no coverage for the Dalehite Lawsuit under Exclusion b.

<u>**COUNT VIII – DECLARATORY JUDGMENT AS TO LUXURY THE INFRINGEMENT, MISAPPROPRIATION AND UNFAIR COMPETITION EXCLUSION BARS COVERAGE UNDER THE ATAIN POLICIES**</u>

113. Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 65 of the general allegations of this Complaint for Declaratory Judgment as if fully alleged in paragraph 113 of Count VIII.

114. The Infringement, Misappropriation and Unfair Competition Exclusion Endorsement bars coverage "misappropriation of information, trade secrets, advertising ideas or any other ideas, or style of doing business," and also eliminates coverage for "'[u]nfair competition' as defined by statute or common law, whether or not pertaining to or alleged in conjunction with a claim of plagiarism, misappropriation of any information, trade secrets, style of doing business, advertising ideas or any other ideas, piracy, any 'advertisement,' infringement or dilution of copyright, title, slogan, trademark, trade name, trade dress, service mark, or service name."

115. Dalehite alleges that the Dalehite Defendants used his confidential information without his permission as part of their business operations and engaged in conduct that constitutes "unfair competition." Thus, to the extent that the Dalehite

Lawsuit triggers Coverage B, there is no coverage for the Dalehite Lawsuit under this exclusion.

### COUNT IX – DECLARATORY JUDGMENT AS TO LUXURY
### THE ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL
### INFORMATION EXCLUSION BARS COVERAGE UNDER THE ATAIN POLICIES

116.    Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 65 of the general allegations of this Complaint for Declaratory Judgment as if fully alleged in this paragraph 116 of Count IX.

117.    The subject exclusion bars coverage for "personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.

118.    Dalehite alleges that the Dalehite Defendants misappropriated his confidential information.

119.    Thus, to the extent that the Dalehite Lawsuit triggers Coverage B, there is no coverage for the Dalehite Lawsuit under this exclusion.

### COUNT X – DECLARATORY JUDGMENT AS TO LUXURY
### MISCELLANEOUS POLICY PROVISIONS

120.    Atain incorporates and restates each and every allegation set forth in paragraphs 1 through 65 of the general allegations of this Complaint for Declaratory Judgment as if fully alleged in paragraph 120 of Count X.

121.    To the extent that the Dalehite Defendants made the statements at issue to Dalehite before the beginning of policy period of either of the respective Atain Policies,

the Dalehite Lawsuit may be precluded under such policy(ies) based upon the Material Published Prior To The Policy Period Exclusion (Coverage B, Exclusion c.).

122.    To the extent that the Dalehite Defendants made the statements at issue to Dalehite in an "advertisement," and to the extent that the Dalehite Defendants failed to provide the services that they promised to perform, the Dalehite Lawsuit may be precluded from coverage under the Atain Policies based upon the Quality Or Performance Of Goods – Failure To Conform To Statements Exclusion. (Coverage B, Exclusion g.).

123.    To the extent that the Dalehite Defendants committed a "personal and advertising injury" that arose from the infringement on Dalehite's trade secrets, the Dalehite Lawsuit may be precluded from coverage under the Atain Policies under the Infringement of Copyright, Patent, Trademark or Trade Secret Exclusion (Coverage Part B, Exclusion i.).

124.    The Known Injury Damage Exclusion Personal and Advertising Injury Exclusion Endorsement bars coverage for "personal and advertising injury" arising from an offense that occurs during the policy period and, prior to the policy period, the insured knew that the "personal and advertising injury" had occurred prior to the policy period, in whole or in part. If the insured knew, prior to the policy period, that the "personal and advertising injury" occurred, then any continuation, change or resumption of such offense during or after the policy period will be deemed to have been known prior to the policy period. Dalehite alleges that he communicated with the Dalehite Defendants from February 2025 through July 2025 regarding the subject dispute. The 25-26 Policy incepted

in May 2025. Thus, to the extent that the Dalehite Defendants knew that the "personal and advertising injury" occurred before the 25-26 Policy incepted, and to the extent that the "personal and advertising injury" persisted after the 25-26 Policy was issued, there is no coverage for the Dalehite Lawsuit under the 25-26 Policy.

125.    The Professional Services Exclusion bars coverage for any "occurrence", "suit", liability, demand, or cause of action arising, in whole or part, out of any claim involving the rendering or failure to render any "professional service." To the extent that the Dalehite Lawsuit involves "professional service," the Dalehite Lawsuit may be precluded under the Professional Services Exclusion.

126.    The Limitation of Coverage – Specified Real Estate Operations Endorsement (the "Real Estate Operations Endorsement") provides that with "respect to real estate operations or real estate activity," the Atain Policies only provide coverage for "[p]remises listed or shown for sale or rent by you," but only if: A. you do not own, operate, manage or rent any part of the premises; B. the premises are not in your care, custody or control; and C. you do not act as agent for the collection of rents or in any supervisory capacity. However, these limitations do not apply to property management operations performed by you when the following conditions have both been met: (1) you act as a property manager pursuant to a signed written contract; and (2) you do not have any ownership interest in any part of the premises. To the extent that the Dalehite Defendants performed "restate operations or real estate activity," and to the extent that the Dalehite Defendants managed the Home without a signed written contract, the Real

Estate Operations Endorsement may bar coverage for the Dalehite Lawsuit because Dalehite alleges that the Dalehite Defendants managed and rented his property.

127. The Atain Policies' Fraud and Misrepresentation Endorsement provides, in relevant part, that the Atain Policies were issued based on the information supplied on an application and other correspondence, including your claims or loss history. To the extent that the insured failed to disclose circumstances that could lead to a claim/lawsuit when procuring the 25-26 Policy, there is no coverage for the Dalehite Lawsuit under such policy.

128. Atain fully incorporates each and every term, condition, exclusion and endorsement contained in the Atain Policies.

129. To the extent any other such incorporated term, condition, exclusion or endorsement eliminates or reduces coverage, Atain asserts it as an additional grounds that it has no obligation to defend Luxury for the Dalehite Lawsuit, or to indemnify Luxury in whole or in part for the Dalehite Lawsuit.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, ATAIN SPECIALTY INSURANCE COMPANY, requests that this Court:

A.    Take jurisdiction over the parties and subject matter of this declaratory judgment action;

B.    Declare that Atain has no obligation to defend or indemnify Luxury for the Dalehite Lawsuit under the Atain Policies; and

- 39 -

D.     Award Atain costs, and any further relief that this Court deems equitable

and just.

Dated: June 25, 2026                    Respectfully submitted,

COOPER │ TIERNEY

*/s/ M. Linsay Boyce*
Lindsey W. Cooper (Fed. ID No. 9909)
M. Linsay Boyce (Fed. ID No. 11952)
Dustin J. Pitts (Fed. ID No. 13511)
36 Broad Street
Charleston, SC  29401
P: 843-375-6622
F: 843-375-6623
E-mail: lwc@coopertierney.com
E-mail: linsay@coopertierney.com
E-mail: djp@coopertierney.com
*Attorneys for Atain Spec. Ins. Co.*